UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL MEOLA, individually and as Administrator of the Estate of Chase Joseph Meola,** *et al.***,**

        **Plaintiffs,**

  v.

**PHI KAPPA PSI FRATERNITY, INC.,** *et al.***,**

        **Defendants.**

Civil Action 2:22-cv-3658
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

### ORDER

Plaintiffs, Paul Meola, individually and as Administrator of the Estate of Chase Joseph Meola, and Margaret Meola, filed their Complaint on October 10, 2022, relying on diversity of citizenship to satisfy federal subject-matter jurisdiction under 28 U.S.C. § 1332(a) (Compl., ECF No. 1). The undersigned notes a defect in Plaintiffs' allegations of jurisdiction. *See Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516–17 (6th Cir. 2003) (defects in subject-matter jurisdiction may be raised *sua sponte* and at any time). A federal court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Section 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of persuasion for establishing diversity

jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted).

Here, Plaintiffs' Complaint contains insufficient information in the record to establish the parties' diversity of citizenship. Plaintiffs allege only that "all plaintiffs are of different citizenship than all defendants." (Compl. ¶ 6, ECF No. 1.) However, Plaintiffs have not identified the citizenship of any of the parties or facts sufficient to make those citizenship determinations. Without this information, the Court cannot determine whether all Defendants are citizens of different states than Plaintiffs.

Plaintiffs are therefore **ORDERED** to file a notice within **SEVEN DAYS** identifying the citizenship of each party at the time the case was commenced. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). The notice must provide sufficient factual allegations for the Court to determine each party's citizenship according to the following standards:

**Natural persons** have the citizenship of the state in which they are domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Although this will often coincide with the state in which a natural person resides, "domicile is not synonymous with a person's residence." *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008) (citing *Kaiser*, 391 F.2d at 1009). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Domicile is determined based on "a variety of factors indicating the extent of a particular party's ties to the purported domicile." *Persinger*, 539 F. Supp. at 997. Those factors include:

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions;

> fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

*Id.* (quoting 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. 1984)).

**Corporations** have the citizenship of any state in which they are incorporated and in which they have a principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's "principal place of business" refers to

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 92–93.

**Limited liability companies** have the citizenship of each of their members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). In practice, this means that an LLC's members must be identified to determine whether they are natural persons, corporations, LLCs, or partnerships, so that the appropriate test can be applied to determine the members' citizenship.

**Partnerships and limited partnerships** have the citizenship of each of their partners (both general and limited). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–97 (1990)). Thus, similar to LLCs, all partners of a partnership must be identified and their citizenship determined with the appropriate test.

**Sole proprietorships** have the citizenship of their sole proprietor (*i.e.*, a natural person doing business under a business name). *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); *3LI Consultant*

*Grp. v. Cath. Health Partners*, No. 1:15-CV-455, 2016 WL 246202, at *2 (S.D. Ohio Jan. 21, 2016). Thus, sole proprietorships have the citizenship of the state of domicile of their operator.

Plaintiffs are advised that failure to demonstrate complete diversity of citizenship of the parties will result in dismissal of this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE