UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL MEOLA,** *Individually and as Administrator of the Estate of Chase Joseph Meola, deceased*, *et al.*,

        Plaintiffs,

v.

**PHI KAPPA PSI FRATERNITY, INC.,** *et al.*,

        Defendants.

Civil Action 2:22-cv-3658
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## SHOW CAUSE ORDER

Plaintiffs' Complaint (ECF No. 1) asserts claims against, among others, defendants identified as "John Does 1–10." To date, the docket does not reflect that Plaintiffs have moved to amend the Complaint to substitute the real name of the Doe defendants; nor does it reflect that Plaintiffs have effected service upon them as required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In addition, Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint. Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 90-day window. *See Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed

John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m) timeframe).

Because Plaintiffs have failed to timely effect service over the Doe Defendants, they are **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS** of the date of this order why the Court should not dismiss Plaintiffs' claims against John Does 1–10 without prejudice for failure to effect service and why the Court should allow an extension of time to effect service. Plaintiffs must support any good cause showing with sworn affidavits or unsworn declarations in compliance with 28 U.S.C. § 1746.

Moreover, the docket reflects that Defendant Ohio Delta of The Phi Kappa Psi Fraternity was served with the Complaint on January 10, 2023 (ECF No. 15), making its answer due by January 31, 2023. To date, Defendant Ohio Delta of The Phi Kappa Psi Fraternity has not filed an answer or other responsive pleading. Nor have Plaintiffs applied for and obtained an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). Pursuant to Local Civil Rule 55.1(a), Plaintiffs are **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS** of the date of this Order why the Court should not dismiss their claims against Defendant Ohio Delta of The Phi Kappa Psi Fraternity for want of prosecution unless they have applied for an entry of default from the Clerk in the interim. Plaintiffs must support any good cause showing with sworn affidavits or unsworn declarations in compliance with 28 U.S.C. § 1746. Plaintiffs' failure to show cause may result in dismissal of their claims against Defendant Ohio Delta of The Phi Kappa Psi Fraternity for failure to prosecute.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE