**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PAUL MEOLA, individually and as**
**Administrator of the Estate of Chase**
**Joseph Meola, *et al.*,**

        **Plaintiffs,**                  **Civil Action 2:22-cv-3658**
                                          **Chief Judge Algenon L. Marbley**
     **v.**                         **Magistrate Judge Chelsey M. Vascura**

**PHI KAPPA PSI FRATERNITY, INC.,**
***et al.*,**

        **Defendants.**

**<u>PRELIMINARY PRETRIAL ORDER</u>**

The Court conducted a telephonic preliminary pretrial conference on November 29, 2023

All parties were represented by counsel.

**<u>Rule 26(a)(1) Initial Disclosures</u>**

The parties have not agreed to make initial disclosures.

**<u>Jurisdiction and Venue</u>**

There are no contested issues related to venue or jurisdiction.

**<u>Amendments to Pleadings and/or Joinder of Parties</u>**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later

than **28 days after initial disclosures**.

**<u>Motions</u>**

Defendants Phi Kappa Psi Fraternity Inc.'s and Ohio Delta Company's First Motion to

Dismiss for Failure to State a Claim (ECF No. 28), filed May 12, 2023.

Within fourteen days of the Court's resolution of the pending Motion to Dismiss, the parties are **ORDERED** to confer and file a proposed scheduling order with dates certain.

## Allegations in the Pleadings and Jury Demand

Plaintiffs' Complaint concerns the death of their minor son, Chase Meola who was shot and killed by a non-Defendant third party. Plaintiff alleges that Defendants had possession, ownership and/or control over the property where their son was shot. Plaintiffs further allege that Defendants knew or should have known of the high crime and risk of violent crime at and around the property and failed to take reasonable precautions that would have prevented their son's death.

There is a jury demand.

## Expert Disclosures

Primary expert reports, if any, must be produced by two months prior to the close of discovery. Rebuttal expert reports, if any, must be produced by one month prior to the close of discovery.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

## Discovery Deadline and Limitations

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by one year following a ruling on the pending motion to dismiss. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI.

The parties do not intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by one month after the end of discovery.

**Settlement**

Plaintiff shall make a settlement demand by April 15, 2024. Defendants shall respond by April 29, 2024. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in May 2024. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE