## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL MEOLA, Individually and as Administrator of the Estate of Chase Joseph Meola, deceased,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:22-cv-3658** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **PHI KAPPA PSI FRATERNITY, INC.,** *et al*, | : | **Magistrate Judge Vascura** |
| | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before this Court on Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 28). For the reasons that follow, this Court **GRANTS** the motion to dismiss and **DISMISSES** this case.

## I.    BACKGROUND

On October 11, 2020, the Ohio Delta Psi Fraternity (the local chapter of Phi Kappa Psi Fraternity at The Ohio State University) held a party at its fraternity house. (ECF No. 1). An uninvited individual named Kinte Mitchell attended the party. (*Id.*). Mr. Mitchell was asked to leave by some of the members of the fraternity. (*Id.*). Plaintiff's son, Chase Meola, and some of his fraternity brothers escorted Mr. Mitchell outside of the party, where Mr. Mitchell then shot Mr. Meola in the head, killing him. (*Id.*).

Plaintiffs allege that because the party was held in the University District, Defendants had a duty to "warn visitors to the Ohio Delta Phi Psi House;" to "undertake reasonable steps to educate Chase Meola;" and "to undertake reasonable steps to make these areas safer" because "the

1

University District where the Ohio Delta Phi Psi House is located in a high crime area that experienced high levels of violent and non-violent crimes." (*Id.* at 11-12). Defendants argue that no such premises liability theory applies because Plaintiffs have not shown that Defendants owed a special duty or had a special relationship with Mr. Meola. (ECF No. 28 at 3). If such a duty applies, Defendants argue, then all property owners within the University District and organizations with ties to such property owners would be "responsible for warning and ensuring the safety of all persons residing in and passing through the University District." (*Id.*).

The initial complaint was filed in October of 2022. The parties then engaged in motion practice, moving for multiple extensions of time and responding to the United States Magistrate Judge's Show Cause order in March of 2023. Defendants then filed the motion *sub judice*, to which Plaintiffs properly responded. The motion is now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005) (citation omitted). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And

although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

While *Twombly* does not preclude a party from pleading factual allegations based upon "information and belief," the complaint should indicate that "the facts are peculiarly within the possession and control of the defendant, or . . . the belief is based on factual information that makes the inference of culpability plausible." *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Pleading on information and belief may be permissible "when a plaintiff may lack personal knowledge of a fact, but have sufficient data to justify interposing an allegation on the subject or be required to rely on 'information furnished by others." *Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2016 WL 4573993, at *6 (S.D. Ohio Sept. 1, 2016).

## III. LAW & ANALYSIS

Plaintiffs allege several causes of action against Defendants in this case. Count I is for Wrongful Death; Count II is a Survival Action on behalf of Mr. Meola; Count III is based on Negligence, Gross Negligence, and Recklessness; and Count IV alleges *Respondeat Superior* liability. This Court will consider each cause of action in turn.

### A. Count I: Wrongful Death

Section 2125.01 of the Ohio Revised Code, states that:

> No action for the wrongful death of a person may be maintained against the owner or lessee of the real property *upon which the death occurred* if the cause of the death was the *violent unprovoked act* of a party other than the owner, lessee, or a person under the control of the owner or lessee, unless the acts or omissions of the owner, lessee, or person under the control of the owner or lessee constitute *gross negligence*.

Ohio Rev. Code § 2125.01 (emphasis added). In this case, Plaintiffs first allege that Mr. Meola's death was wrongful, arguing that:

> Defendants had a duty to warn visitors to the Ohio Delta Phi Psi House, like Chase, and their family members of the dangers associated with the Ohio Delta Phi Psi House and the University District. Defendants had a special relationship with its members, like Chase, and owed a duty to warn its members and their family members of the dangers associated with the Ohio Delta Phi Psi House and the University District.

(ECF No. 1 at 11). While there can be no doubt that Mr. Meola's murder was tragic, there are no grounds for a legal wrongful death action in this case under the standard set by § 2125.01. Even if Plaintiffs were able to provide evidence for each claim, Plaintiffs fail to state definitively whether Mr. Meola's death occurred upon the real property of Defendants.

For Defendants to be liable in this case, Plaintiffs must successfully allege that Defendants were the owner, lessee, or in control of the real property, *and* were grossly negligent. Ohio Rev. Code § 2125.01. The Phi Kappa Psi Fraternity is not an owner, lessee, or a person under the control of the owner of the property in question. (ECF No. 28 at 7). Plaintiffs do allege that the Ohio Delta Company is an owner of the property. (*Id.*). The Ohio Delta Company is merely a landlord that rents individual rooms on the property to students. (*Id.*) Even if the Ohio Delta Company could be considered an owner, Plaintiffs must still successfully allege that it was grossly negligent in this case.

4

Gross negligence refers to conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. *Soper by Soper v. Hoben*, 195 F.3d 845, 847 (6th Cir. 1999). Under Ohio law, gross negligence is defined "in terms of wanton or reckless conduct." *Mohat v. Horvath*, 2013-Ohio-4290, 2013 WL 5450296 at *4 (Ohio Ct. App. 2013). Wanton misconduct is "a failure to exercise any care toward those to whom a duty of care is owing when the probability that harm will result from such failure is great and such probability is actually known to the defendant." *Anderson v. City of Massillon*, 983 N.E.2d 266, 272 (2012). Reckless conduct is defined by "the conscious or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at 273. There is no pleading before this Court that Defendants acted with the requisite state of mind. *See Wiley v. City of Columbus*, 36 F.4th 661, 671 (6th Cir. 2022).

Ohio courts have further found that gross negligence is present when a defendant fails "to exercise any or very slight care… [it] has also been described as a failure to exercise even that care which a careless person would use." *Thompson Elec. v. Bank One*, 525 N.E.2d 761, 768 (1988). In this case, Plaintiffs have not alleged any actions by the Ohio Delta Company – or the Fraternity, for that matter – that remotely demonstrate actions so reckless as to be described as a failure to exercise care that even a careless person would use. This exact issue has not been litigated in this District, but the Northern District of California has held that "[c]onduct demonstrating the failure to guard against, or warn of, a dangerous condition typically does not rise to the level of gross negligence." *Gordoa v. Apple, Inc.*, 22-cv-02900-JSC (N.D. Cal. Oct. 21, 2022) (quoting *Anderson v. Fitness Internat.*, LLC, 4 Cal. App. 5th 867, 881 (2016)). Here, Plaintiffs argue that because the Ohio Delta Company knew about crime in the general neighborhood, its failure to provide private

security controls, security guards, mobile lighting units, security cameras, and collaboration with Columbus Police to expand surveillance constitutes gross negligence. (ECF No. 1 at 12). It naturally follows from this rationale that any property owner in the University District – or indeed, any area in which crime occurs – must provide private security measures on par with those found at a federal penitentiary. This cannot be. Even if Plaintiffs could somehow establish that Defendants failed to guard against or warn of the dangers of the neighborhood, using the Northern District of California's ruling as a guide, it is apparent to this Court that Defendants would still not be liable for gross negligence in this case. For failing to show a claim for wrongful death upon which relief can be granted, Count I is **DISMISSED.**

### B. Count II: Survival Action

Plaintiffs next allege that Mr. Meola endured great conscious pain and suffering and emotional distress during his encounter with Mr. Mitchell and that under Ohio Rev. Code § 2305.21, *et seq*. this action survives and may be asserted by his estate. (*Id.* at 13-14). Section 2305.21 provides that "[i]n addition to the causes of action which survive at common law, causes of action for…injuries to the person or property…also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto." Under § 2305.21, "an administrator or executor may maintain an action in the same manner in which decedent could have maintained such action if she had survived." *Shinaver v. Szymanski*, 14 Ohio St. 3d 51, 471 N.E. 2d 477, 482 (Ohio 1984). Accordingly, Plaintiffs' survival action claims may be considered.

Here, Plaintiffs claim that Defendants breached the duty of care owed to protect Mr. Meola from the dangerous conditions of the neighborhood and seek to recover based on his pain and suffering. To establish this claim, "there must be some evidence of conscious pain and suffering

6

by [the decedent] between the injury inflicted and [his] resulting death." *Estate of Tierney v. Shellberg*, No. 1:08-cv-866, 2011 WL 4543832 at *8 (S.D. Ohio Mar. 7, 2011), quoting *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 103 Ohio App. 3d 213, 658 N.E.2d 1140, 1149 (Ohio App. 2 Dist. 1995). The Sixth Circuit has noted that a decedent's pain and suffering are compensable only if they were experienced consciously. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006). Ohio state courts have likewise held that damages may be awarded for proven, actual suffering experienced by the decedent. *Hooks v. Owen*, 130 Ohio App. 3d 38, 43, 719 N.E. 2d 581, 585 (Ohio 1998). Finally, this Court looks to its sister courts in the District of Alaska for guidance, which have held that personal representatives cannot recover on a survival claim when any pain or suffering that a decedent experienced was "substantially contemporaneous" with his death. *Millo v. Delius*, 872 F. Supp. 2d 867, 875 (D. Alaska 2012).

Here, Plaintiffs fail to produce any claim upon which, with the appropriate evidence, they could show that Mr. Meola experienced conscious pain and suffering as a result of the shooting by Mr. Mitchell. Plaintiffs' complaint states that after exiting the house, "Kinte Mitchell shot Chase Meola in the head, killing him." (ECF No. 1 at 11). Plaintiffs later go on to allege that Mr. Meola "was forced to endure great conscious pain and suffering and emotional distress during the course of his encounter with Kintie [*sic*] Mitchell and his shooting, up until the moment he died." (*Id* at 13). Again, there must be some evidence of conscious pain and suffering by the decedent *between the injury inflicted* and his resulting death. *Estate of Tierney* at *8. Here, even if Plaintiffs could buttress their argument that Mr. Meola endured pain and suffering, any conduct before the shooting itself is not recoverable. Finally, absent a pleading that Mr. Meola experienced conscious pain and suffering between the moment of impact and death, there can be no recovery here. *Id.* (finding that

7

plaintiffs "failed to produce any evidence whatsoever showing that the decedent experienced conscious pain and suffering as a result of her death by a drug overdose" and denying the survival action claim). Accordingly, Count II is **DISMISSED**.

### C. Count III: Negligence, Gross Negligence, and Recklessness

Plaintiffs again allege that Defendants "acted negligently, with gross negligence and/or with recklessness, under Ohio law, by failing to warn Chase Meola and its other students and their family members of the dangers associated with the Ohio Delta Phi Psi House and the University District in which the House was situated," that "Defendants had a special relationship with Chase Meola," and that Defendants "acted negligently, with gross negligence and/or with recklessness when it failed to render the University District and other off-campus areas safe for Chase Meola." (ECF No. 1 at 14).

A finding of negligence requires the existence of a duty, a breach of that duty, and an injury proximately resulting from a tortfeasor's breach. *See Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). No such duty existed in this case. Ohio courts have found:

> [N]o duty to control the conduct of a third person to prevent the commission of physical harm to another person unless (A) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (B) a special relationship exists between the actor and the other which gives to the other the right to protection.

*Masterson v. Brody*, 2022-Ohio-3428, 196 N.E. 3d 927 (8th Dist.).

No special relationship between Defendants and Mr. Meola exists which imposes a duty to protect Mr. Meola in this case. Relationships which result in a duty to protect others include: "1) common carrier and its passengers; 2) innkeeper and guests; 3) possessor of land and invitee; 4) custodian and individual taken into custody; and 5) employer and employee." *Jackson v. Forest*

8

*City Ents.*, 111 Ohio App. 3d 283, 285, 675 N.E. 2d 1356 (8th Dist. 1996), citing *2 Restatement of the Law 2d*, Torts (1965), 116, at Section 314(A). While a weak argument may be made that Mr. Meola was an invitee to the party in a colloquial sense, he was not a "business invitee" as defined by tort law. A "business invitee" is defined as "one who is on the premises of another, by express or implied invitation, "for some purpose which is beneficial to the owner."" *Sherrod v. Williams*, No. 3:14-cv-454, 2019 WL 342029 at *4 (S.D. Ohio Jan. 28, 2019), quoting *Snyder v. Giant Eagle*, 2016-Ohio-708, 2016 WL 764016, at *2 (8th Dist. Feb. 25, 2016). Nor is there a special relationship between a social guest and a host. *See Slabaugh v. Kukta*, 9th Dist., Case No. 05 CA 0022, 2005-Ohio-6454 (where the party was a social guest on the property, no special relationship with the host was found to exist). Accordingly, no special relationship, and therefore no duty, between Defendants and Mr. Meola exists. Because no duty is present, this Court need not examine the remaining negligence factors. This claim and Count III are therefore **DISMISSED**.

### D. Count IV: *Respondeat Superior* Liability

*Respondeat superior* (vicarious liability) arises out of the relationship between superior and subordinate, and this liability ceases to exists when that relationship ceases to exist. *Mularski v. Brzuchalski*, 117 Ohio App. 480, 481, 192 N.E. 2d 669 (6th Dist. 1961). Here, Plaintiffs argue that the existence of an agency relationship is based on the nature of the relationship between the parties. (ECF No. 33 at 13). "In other words, the fact that the defendants here are a national fraternity, a local chapter, and the entity that holds title to the house where the local chapter operates is not relevant so much as the nature of their interactions." (*Id.*). While a relationship between Defendants can be found to exist, as the Phi Kappa Psi Fraternity is a local chapter of the Ohio Delta Company, a defendant cannot be liable under vicarious liability where the underlying

tortfeasor is not liable. *Shaheen v. Yonts*, W.D. Ky. No. 5:06-CV-00173-TBR, 2009 U.S. Dist. LEXIS 2074, at *29-30 (Jan. 9, 2009). In other words, the Ohio Delta Company cannot be liable under vicarious liability if the fraternity is not liable, and if one defendant is not liable, it would fly in the face of principles of vicarious liability to find the other defendant liable in this case. As discussed *supra*, such liability does not exist in this case. Because Plaintiffs have failed to state a claim of vicarious liability upon which relief can be granted, Count IV is **DISMISSED.**

## IV.    CONCLUSION

For the reasons set forth more fully above, Defendants' Motion to Dismiss (ECF No. 28)
is **GRANTED**. Plaintiffs' claims for wrongful death, survival action, negligence, and vicarious
liability are **DISMISSED.** This case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  March 18, 2024**

11